UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOBBY DARRELL COLBERT,

                Petitioner,

v.

RON HAYNES,

                Respondent.

Case No. C18-1350-RSM-JPD

ORDER DENYING PETITIONER'S MOTION FOR RELEASE FROM CONFINEMENT

This is a federal habeas action filed under 28 U.S.C. § 2254. Currently pending before this Court is petitioner's motion for release from confinement. (Dkt. 13.) Respondent has filed a response opposing petitioner's motion. (Dkt. 16.) The Court, having reviewed petitioner's motion, respondent's response thereto, and the balance of the record hereby ORDERS as follows:

    (1)    Petitioner's motion for release from confinement (Dkt. 13) is DENIED. Whether or not a district court has the authority to grant bail pending a decision on a § 2254 petition remains an open question in the Ninth Circuit. *See In re Roe*, 257 F.3d 1077, 1079-80 (9th Cir. 2001). Assuming a district court does have authority to release a state prisoner pending resolution of habeas proceedings, release is reserved for the "extraordinary case[ ] involving

ORDER DENYING PETITIONER'S MOTION
FOR RELEASE FROM CONFINEMENT - 1

special circumstances or a high probability of success." *Roe*, 257 F.3d at 1080 (citing *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989)).

Petitioner asserts in his motion for release from confinement that, according to the records of the Skagit County Superior Court, the criminal judgment entered in the case being challenged in this federal habeas action has been "fully satisfied." (Dkt. 13 at 1.) He asks that this Court give the Superior Court an opportunity to cure this "sentencing error," and, if it fails to do so, then to order he be released from custody. (*Id*. at 2.) Petitioner submitted in conjunction with his motion what appear to be two pages of the docket sheet pertaining to the Skagit County Superior Court criminal case at issue here. (*See id*. at 3.) There is an entry on one of those pages, under the heading "Current Sentence Status," which indicates that petitioner's sentence was "fully satisfied" on January 4, 2017. (*Id*.) However, petitioner indicates in other materials submitted to this Court for review that the judgment and sentence in the criminal action in question was modified on March 22, 2017, and that he is currently confined pursuant to that modified judgment and sentence. (*See* Dkt. 10 at 1; Dkt. 10-1 at 2.)

Petitioner's argument is somewhat difficult to understand. However, if his contention is that he is entitled to release from confinement because the original judgment and sentence was deemed fully satisfied in January 2017, it appears that the argument is moot given that a modified judgment and sentence was entered in March 2017. If petitioner's contention is that he is entitled to release from confinement because of some constitutional infirmity in the modified judgment and sentence, that is an issue that can be addressed in the course of this federal habeas action, assuming the issue is properly presented. However, petitioner has presented nothing to the Court thus far demonstrating that this case involves "special circumstances" which would warrant his release pending review of his federal habeas claims.

ORDER DENYING PETITIONER'S MOTION
FOR RELEASE FROM CONFINEMENT - 2

(2) The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to the Honorable Ricardo S. Martinez.

Dated this 28th day of November, 2018.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION
FOR RELEASE FROM CONFINEMENT - 3