1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8   BOBBY DARRELL COLBERT,

9                          Petitioner,            Case No. C18-1350-RSM-MLP

10          v.
                                                  REPORT AND RECOMMENDATION
11  RON HAYNES,

12                         Respondent.

13

14              INTRODUCTION AND SUMMARY CONCLUSION

15          This is a federal habeas action filed under 28 U.S.C. § 2254.  Petitioner Bobby Colbert

16  seeks to challenge in this action his 2005 Skagit County Superior Court convictions on charges

17  of second and third degree rape.  Respondent has filed an answer to Petitioner's habeas petition

18  together with relevant portions of the state court record, and Petitioner has filed a response to

19  Respondent's answer.  This Court, having reviewed the submissions of the parties, concludes

20  that it lacks jurisdiction over Petitioner's federal habeas petition because the petition is

21  successive under 28 U.S.C. § 2244(b), and the petition should therefore be dismissed.

22

23

REPORT AND RECOMMENDATION
PAGE - 1

<u>DISCUSSION</u>

This is Petitioner's fifth petition challenging his 2005 Skagit County convictions. Petitioner filed his first federal habeas petition in June 2008. *See Colbert v. McDonald*, C08-0870-RSL (Dkt. # 1). The Court denied that petition, and dismissed the case with prejudice, but granted a certificate of appealability as to one of the claims presented in that petition; *i.e.*, Petitioner's claim that his due process right to a fair trial was violated when the trial court denied his motions to sever unrelated rape charges for trial. *Id*. (Dkt. ## 21, 25, 30). The Ninth Circuit affirmed the dismissal of the petition but did not reach the merits of Petitioner's claim challenging the trial court's failure to sever unrelated offenses because it determined that Petitioner had not exhausted his state court remedies. *Id*. (Dkt. # 34).

Petitioner filed his second habeas petition challenging his 2005 convictions in January 2011, once again raising his claim that his due process right to a fair trial was violated when the trial court denied his motions to sever unrelated charges. *Colbert v. Sinclair*, No. C11-0076-RSM (Dkt. # 1). The petition was originally transferred to the Ninth Circuit as a second or successive petition under 28 U.S.C. § 2244(b). *See id*. (Dkt. ## 4, 6). However, the Ninth Circuit concluded that the petition was not successive because it had been filed after exhaustion of Petitioner's claim in the state courts, and the petition was transferred back to this Court. *Id*. (Dkt. # 13). This Court dismissed the case with prejudice upon concluding that Petitioner's sole claim for relief was procedurally defaulted. *Id*. (Dkt. ## 17, 20). The Ninth Circuit subsequently denied petitioner's requests for certificates of appealability. *See id*. (Dkt. # 26).

Petitioner filed his third habeas petition challenging his 2005 convictions in April 2012. *Colbert v. Glebe,* C12-563-RSL (Dkt. # 1). Petitioner again raised his claim regarding the trial court's failure to sever unrelated offenses and pointed to this Court's prior issuance of a

REPORT AND RECOMMENDATION
PAGE - 2

1   certificate of appealability in relation to that claim. *Id*. The Court deemed the petition

2   successive and transferred the case to the Ninth Circuit on June 18, 2012. *Id*. (Dkt. ## 9, 11).

3   The Ninth Circuit subsequently denied Petitioner's requests for certificates of appealability. *Id*.

4   (Dkt. # 17). *See also* Ninth Circuit Case No. 14-35905 (Dkt. # 10).

5       Petitioner filed his fourth habeas petition challenging his 2005 convictions in October

6   2016. *Colbert v. Uttecht*, C16-1663-RSL (Dkt. # 1). Petitioner asserted therein that he was

7   denied his Sixth Amendment "right to control defense" and his Fourteenth Amendment right to

8   due process when the trial court improperly instructed the jury with respect to the affirmative

9   defense of consent in a rape case. *Id*. (Dkt. # 8). The Court once again deemed the petition

10  successive and transferred the case to the Ninth Circuit on January 18, 2017. *Id*. (Dkt. ## 9, 11).

11  The Ninth Circuit subsequently denied Petitioner's request for a certificate of appealability. *Id*.

12  (Dkt. # 16).

13      In this, his fifth petition challenging his 2005 convictions, Petitioner asserts that (1) the

14  charging document failed to state an essential element of the charged offense, (2) he is entitled to

15  application of the new rule of criminal procedure announced in *State v. W.R.*, 181 Wn.2d 757

16  (2014), and (3) he had a constitutional right to be present and to have counsel appointed at his

17  resentencing in March 2017. (*See* Dkt. # 10.) Though it is clear from the face of the current

18  petition that Petitioner once again seeks to challenge his custody arising out of his 2005 Skagit

19  County Superior Court convictions, Petitioner identifies the judgment under attack as an

20  "amended judgment" entered on March 22, 2017. (*Id*. at 1, 13.) Petitioner suggests that entry of

21  this "amended judgment" removes the successive petition bar which thwarted his last two

22  attempts to obtain federal habeas review of his convictions, as well as any potential time bar.

23  (*See id*.) Petitioner relies on the decisions in *Magwood v. Patterson*, 561 U.S. 320 (2010), and

REPORT AND RECOMMENDATION
PAGE - 3

1    *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012), to support his position that his current petition

2    should be construed as a timely first application challenging his amended judgment, rather than

3    as a successive petition challenging his original judgment.  (*See* Dkt. # 10 at 13.)

4    In *Magwood*, the Supreme Court held that a second-in-time habeas petition challenging a

5    judgment imposed following resentencing did not constitute a second or successive application

6    where the first habeas petition was filed prior to the resentencing and challenged the original

7    judgment.  *Magwood*, 561 U.S. at 339.  In *Wentzell*, the Ninth Circuit, applying *Magwood*, held

8    that the latter of two petitions is not "second or successive" if there is a "new judgment

9    intervening between the two habeas petitions," even if the second petition effectively challenges

10   unamended portions of the judgment.  *Wentzell*, 674 F.3d at 1126-28.

11   Petitioner's case is distinguishable from both *Magwood* and *Wentzell* because no "new

12   judgment" was entered in Petitioner's case.  In *Magwood,* the judgment was amended after the

13   petitioner was granted federal habeas relief and the state trial court held a new sentencing

14   hearing and issued a new sentence.  In *Wentzell,* the judgment was amended after the petitioner

15   was granted state habeas relief and had one of three counts dismissed.  In contrast, Mr. Colbert,

16   was not resentenced, nor was an amended judgment entered in his case.  Rather, the trial court

17   merely issued an order correcting a scrivener's error in Petitioner's original judgment.  (*See* Dkt.

18   # 25-5 at 204-05.)  The error involved a misstatement in the sentencing data portion of the

19   original judgment which listed the maximum term for the second degree rape charge as 10 years

20   rather than the actual statutory maximum term for the offense, which is life.  (*See* Dkt. # 25-4 at

21   38, 54).

22   At Petitioner's sentencing in 2005, the trial court, consistent with state law regarding the

23   sentencing of sex offenders, sentenced petitioner to a minimum term of confinement within the

REPORT AND RECOMMENDATION
PAGE - 4

1    standard range (136 months) and to a maximum term of life, notwithstanding the misstatement of

2    the maximum term in the sentencing data portion of the judgment.  (Dkt. # 25-1 at 6.)  The 2017

3    order modifying Petitioner's judgment and sentence did not alter this term of imprisonment, nor

4    did it in any way affect Petitioner's underlying convictions, thus undermining any claim that the

5    trial court's order constituted a new judgment.  *See Turner v. Baker*, 912 F.3d 1236, 1239 (9th

6    Cir. 2019) (citing *Gonzalez v. Sherman*, 873 F.3d 763, 769 and 772 (9th Cir. 2017) (recognizing

7    that an order correcting a scrivener's error in a judgment has no legal consequences and therefore

8    does not constitute a new judgment, while an order that changes the duration of a prisoner's

9    confinement does constitute a new judgment).

10        Moreover, the Ninth Circuit has made clear that reviewing courts "look to state law to

11    determine what constitutes a new or intervening judgment."  *Clayton v. Biter*, 868 F.3d 840, 844

12    (9th Cir. 2017).  Petitioner filed an appeal following the trial court's modification of his

13    judgment, which the Washington Court of Appeals characterized as an appeal of "superior court

14    orders denying [Petitioner's] request to be transported for a hearing and correcting a scrivener's

15    error in his judgment and sentence."  (*See* Dkt. # 25-5 at 204.)  The Court of Appeals rejected as

16    frivolous Petitioner's claims that the trial court erred in treating an erroneous maximum sentence

17    on the face of Petitioner's judgment and sentence as a scrivener's error, and in addressing the

18    scrivener's error without Petitioner being present.  (*Id.*)  It is thus clear that the Washington

19    Court of Appeals did not construe the order modifying Petitioner's judgment as a new or

20    intervening judgment.

21        Because the record makes clear that the trial court did not enter a new judgment in March

22    2017, Petitioner's current federal habeas petition must be construed as a challenge to his original

23    2005 judgment and, so construed, is clearly successive under 28 U.S.C. § 2244(b).  By statute,

REPORT AND RECOMMENDATION
PAGE - 5

1   this Court is without jurisdiction to consider a second or successive habeas petition until the

2   Ninth Circuit Court of Appeals has authorized its filing.  *See* 28 U.S.C. § 2244(b)(3)(A); Circuit

3   Rule 22-3.  Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the

4   instant petition.  This Court may therefore dismiss the petition for lack of jurisdiction or, in the

5   alternative, may transfer the petition to the Ninth Circuit where petition may seek authorization

6   to pursue the petition.  Because the current petition raises similar issues to those asserted in

7   Petitioner's 2016 petition which was transferred to the Ninth Circuit, and because Petitioner

8   apparently did not obtain authorization on that occasion to pursue his claims in this Court, it

9   would serve no purpose to transfer yet another petition to the Ninth Circuit and Petitioner's

10  current petition should therefore be dismissed.

CONCLUSION

12          For the reasons set forth above, this Court recommends that Petitioner's fifth federal

13  habeas petition challenging his 2005 Skagit County Superior Court convictions, and this action,

14  be dismissed pursuant to 28 U.S.C. § 2244(a).  This Court further recommends that Petitioner's

15  pending motion to invalidate the state court decision, which was filed together with Petitioner's

16  response to Respondent's answer, be stricken as moot.  A proposed order accompanies this

17  Report and Recommendation.

18          Objections to this Report and Recommendation, if any, should be filed with the Clerk and

19  served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this

20  Report and Recommendation.  Objections, and any response, shall not exceed three pages.

21  Failure to file objections within the specified time may affect your right to appeal.  Objections

22  should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days

23  after they are served and filed.  Responses to objections, if any, shall be filed no later than

REPORT AND RECOMMENDATION
PAGE - 6

1   **fourteen (14)** days after service and filing of objections.  If no timely objections are filed, the

2   matter will be ready for consideration by the District Judge on the date that objections were due.

3        DATED this 26th day of March, 2019.

4

5

6        MICHELLE L. PETERSON
         United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION
PAGE - 7