UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOBBY DARRELL COLBERT,<br><br>    Petitioner,<br><br>  v.<br><br>RON HAYNES,<br><br>    Respondent. | CASE NO. C18-1350RSM<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PENDING MOTIONS |

This matter is before the Court on United States Magistrate Judge Michelle Peterson's Report and Recommendation ("R&R") to the Undersigned. Dkt. #29. Judge Peterson advises that the Court should dismiss the petition as an improperly filed successive habeas petition. *Id.* Judge Peterson also advises that the Court's dismissal of the Petition should result in denying Petitioner's pending Motion to Invalidate the State Court Decision (Dkt. #27) as moot. *Id.* Petitioner objects to dismissal of the Petition, Dkt. #34, and has filed several subsequent motions seeking a variety of relief. Dkts. #30–#33 and #40. Respondent opposes Petitioner's objections and requests that Petitioner's other motions be denied. Dkt. #39. Finding Petitioner's objections meritless, the Court adopts the R&R and dismisses the action. As a result, the Court denies Petitioner's other motions as moot.

ORDER – 1

### A. R&R Recommending Dismissal of Petitioner's § 2254 Petition

Petitioner was convicted in Washington State Superior Court in 2005 and sentenced to 136 months to life on one count of second degree rape and one count of third degree rape. Dkt. #10 at 1. Since that time, Petitioner has filed four habeas petitions with this Court. See Dkt. #29 at 2–3 (recounting history). Petitioner's fifth, and current, Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is at issue in this matter. Dkt. #10.

Petitioner seeks, with his fifth petition, to challenge what he alleges is an amended judgment that was entered in state court on March 22, 2017. Dkt. #10 at 13. On this basis, Petitioner argues that this is a first petition of the amended judgment. *Id.* For support, Petitioner relies on two cases: *Magwood v. Patterson*, 561 U.S. 320 (2010) and *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012). But Judge Peterson fully explains why those cases are inapplicable here because any "amendment" to Petitioner's judgment and sentence was merely to correct a scrivener's error and did not modify the underlying convictions or the sentence imposed. Dkt. #29 at 3–6. *See also* Dkt. #39. Judge Peterson's R&R leads to the clear conclusion that the Petition is an improperly filed successive petition and should be dismissed.

Petitioner has objected to the R&R on two grounds. First, he argues that Judge Peterson applied the wrong standard to determine whether the Petition was successive. Dkt. #34 at 1. But the old case law Petitioner relies on, *Sanders v. United States*, 373 U.S. 1 (1963), has been superseded by the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Felker v. Turpin*, 518 U.S. 651, 667 (1996) (as amended by the AEDPA, § 2244(b) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court"). Nothing in Petitioner's argument demonstrates any legal error.

Second, Petitioner argues that United State Magistrate Judge James P. Donohue[1] has previously ruled that "the 2005 judgment is moot" and that this is "dispositive." Dkt. #34 at 2. Petitioner does not indicate where his quoted language came from and the Court has been unable to find it in the record.[2] The Court finds no merit in Petitioner's unclear argument that lacks an adequate legal basis.

Lastly, Judge Peterson's R&R advises that the Court deny, as moot, Petitioner's Motion to Invalidate State Court Decision (Dkt. #27) because the R&R recommended dismissal of the Petition. The Court agrees and, as a result, adopts the R&R in full.

## B. Petitioner's Subsequent Motions

After Judge Peterson's R&R being docketed, Petitioner filed several motions, including: a Motion for Relief from Final Order (Dkt. #30); a Motion to Reconsider Final Order (Dkt. #31); a second Motion for Relief from Final Order (Dkt. #32); a Motion Requesting Evidentiary Hearing Based on Judicial Notice (Dkt. #33); and a Motion to Clarify Judgment Status (Dkt. #40). Because the Court has determined that the Petition is not properly before this Court and must be dismissed, the Court denies these other pending motions as moot.

## C. Conclusion

Accordingly, having reviewed the R&R, the objections and responses of the parties, and the remainder of the record, the Court finds and ORDERS:

1. The Report and Recommendation (Dkt. #29) is ADOPTED.

2. Petitioner's Petition for writ of habeas corpus (Dkt. #10) and this action are DISMISSED.

3. The following motions filed by Petitioner are DENIED as moot:

---

[1] Judge Donohue, prior to retirement, was hearing this matter.

[2] Judge Donohue did, in attempting to interpret Petitioner's arguments, note that a particular argument may be moot. Dkt. #19 at 2.

ORDER – 3

a. Motion to Invalidate State Court Decision (Dkt. #27);

   b. Motion for Relief from Final Order (Dkt. #30);

   c. Motion to Reconsider Final Order (Dkt. #31);

   d. Motion for Relief from Final Order (Dkt. #32);

   e. Motion Requesting Evidentiary Hearing Based on Judicial Notice (Dkt. #33); and

   f. Motion to Clarify Judgment Status (Dkt. #40).

4. This matter is CLOSED.

Dated this 22 day of April, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4