UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOBBY DARRELL COLBERT,<br><br>Petitioner,<br><br>v.<br><br>ROB HAYNES,<br><br>Respondent. | Case No. C18-1350-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on *pro se* Petitioner Colbert's Motion for Relief from Judgment. Dkt. #56. On April 22, 2019, this Court adopted the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson and dismissed Petitioner's petition for a writ of habeas corpus. Dkt. #43. The Court issued a judgment the same day and closed this case. Dkt. #44. On November 26, 2019, Petitioner filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). Dkt. #56. Respondent has not filed a response. For the reasons set forth below, the Court DENIES Petitioner's Motion.

**I.      BACKGROUND**

The full background of this case is set forth in this Court's previous decisions. *See* Dkt. #43 at 2-3. Petitioner was convicted in Washington State Superior Court in 2005 and sentenced

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT - 1

to 136 months to life on one count of second degree rape and one count of third degree rape. Dkt. #10 at 1. Since that time, Petitioner has filed five habeas petitions with this Court, including the petition at issue in this closed case. *See* Dkt. #29 at 2–3 (recounting history).

On March 22, 2017, the state court entered an order correcting a scrivener's error on the in Petitioner's 2005 judgment. Dkt. #25-5 at 143, 204. The 2005 judgment incorrectly listed the maximum term for the second degree rape charge as ten years rather than the actual statutory maximum term for the offense, which is life. *Id.* This error did not affect the trial court's sentencing in 2005, which sentenced Petitioner to a minimum term of confinement within the standard range and to a maximum term of life. *See* Dkt. #25-1 at 6.

On October 24, 2018, Petitioner filed his fifth petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. Dkt. #10. His petition claimed to challenge the order entered on March 22, 2017, which Petitioner characterized as an "amended judgment." However, upon review of the record, Judge Peterson determined that the March 2017 order was not an amended judgment but merely an order correcting the scrivener's error in Petitioner's original judgment. Accordingly, on March 26, 2019, Judge Peterson recommended dismissal of the petition as "clearly successive" under 28 U.S.C. § 2244(b). Dkt. #29 at 5. On April 22, 2019, this Court adopted the R&R in full and dismissed Petitioner's habeas petition. Dkt. #43. The Court found that the R&R "leads to the clear conclusion that the Petition is an improperly filed successive petition and should be dismissed." *Id.* at 2.

On November 26, 2019, Petitioner filed the instant Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(4) alleging a "defect in the integrity of the proceedings." Dkt. #56 at 1-2 (citing *Gonzales v. Crosby*, 545 U.S. 524 (2005)). Plaintiff argues that the Court erred in

dismissing his petition for writ of habeas corpus as "successive" since he was attacking the "amended judgment" entered on March 22, 2017. Respondent has not filed a response.

## II. DISCUSSION

### A. Legal Standard

Under Rule 60(b), "on motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . newly discovered evidence . . . fraud . . . [if] the judgment is void . . . the judgment has been satisfied . . . or any other reason that justified relief." "Any other reason" is limited only to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances. *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).

Petitioner has failed to demonstrate any of the above grounds for relief. Although Petitioner brings this motion under Rule 60(b)(4), he does not allege that the judgment is void. *See* Fed. R. Civ. P. 60(b)(4) (Providing for relief from judgment if "the judgment is void"). Instead, he generally alleges a "defect in the integrity of the proceedings." Dkt. #56 at 1-2 (citing *Gonzales v. Crosby*, 545 U.S. 524 (2005)). Petitioner does not assert newly discovered evidence, fraud, or void or satisfied judgment, making subsections (b)(2) through (b)(5) inapplicable. Nor is the catch-all provision of subsection (b)(6) applicable. Section (b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Fantasyland Video, Inc. v. Cty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (internal quotations omitted). Petitioner has not argued such circumstances here.

Petitioner's remaining ground for relief is subsection (b)(1), which provides the court with discretion to correct a judgment for mistake or inadvertence made by counsel or by the court itself. Fed. R. Civ. P. 60(b)(1); *Fidelity Fed. Bank, FSB v. Durga Ma Corp.* 387 F3d 1021, 1024 (9th Cir. 2004). Here, Petitioner argues that the court erred in interpreting his habeas petition as a successive challenge to the 2005 judgment rather than a new petition challenging the March 2017 order. *See* Dkt. #56 at 2-3. In support of this proposition, he claims that the March 2017 order "most certainly was not a scrivener's error" and that the 2005 judgment was not final because "an entire direct appeal precluded Colbert's habeas petition." *Id.* at 5.

As an initial matter, Petitioner has improperly used this Motion to reargue an issue previously considered by the Court. *Center for Biological Diversity v. Norton*, 304 F.Supp.2d 1174, 1178 (D. Ariz. 2003) ("It is not the proper function of a Rule 60(b) motion to reargue matters that have already been litigated."). Here, the Court rejected Petitioner's argument that the March 2017 order was an "amended judgment," finding that it merely corrected the sentencing data without modifying the underlying conviction or sentence imposed. Dkt. #43 at 2-3 (citing Dkt. #29 at 3-6). On this basis alone, denial of Petitioner's motion is appropriate. *See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (Finding no abuse of discretion for denial of Rule 60(b) motion where movant merely reargued issues raised previously).

Moreover, Petitioner's arguments are either inapposite or incorrect as a matter of law. First, Petitioner argues that the Supreme Court has interpreted the phrase "second or successive" in 28 U.S.C. § 2244(b) to apply to the judgment challenged rather than "all Section 2254 applications filed second or successively in time." Dkt. #56 at 3 (citing cases). This argument is irrelevant, given the Court's finding that the March 2017 order was not a judgment. *See* Dkt.

#43 at 4. Similarly, Petitioner raises *Magwood* again to argue that entry of the March 2017 "amended judgment" removes the successive petition bar. Dkt. #56 at 5 (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)). This Court previously explained why *Magwood* was inapplicable, given that the March 2017 order was not an amended judgment and made no modification to the underlying conviction or sentence imposed. Dkt. #43 at 2; *see also* Dkt. #29 at 4-5 ("In *Magwood*, the judgment was amended after the petitioner was granted federal habeas relief and the state trial court held a new sentencing hearing and issued a new sentence."). Nothing in the instant motion shows that the Court erred in finding *Magwood* inapposite, given that Petitioner was never resentenced nor was an amended judgment entered.

Next, Petitioner argues that the 2005 judgment was not "final" and, as a result, his petition should have been construed as challenging the March 2017 judgment. Dkt. #56 at 4-5. Petitioner reasons that because a final judgment "leaves nothing for the court to do but execute the judgment," the subsequent March 2017 order demonstrated that the 2005 judgment was not final. *Id.* at 4. However, Petitioner cites nothing to support his proposition that a subsequent order correcting a scrivener's error in the original judgment affects the finality of a judgment and sentence. He cites to *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978), but *Coopers* addressed the finality of class certification orders and was later abrogated by the enactment of Fed. R. Civ. P. 23(f). *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1706 (2017). For that reason, it is inapposite here. Petitioner also cites to *Republic Natural Gas Co. v. Oklahoma*, 334 U.S. 62 (1948), and *Burton v. Stewart*, 549 U.S. 147 (2007), to argue that his efforts to appeal the March 2017 order somehow affected the finality of the 2005 judgment. Dkt. #56 at 4. Again, while both cases generally discuss finality, neither supports Petitioner's argument that appeals from an order correcting a scrivener's error affect the finality of a judgment and sentence.

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT - 5

Lastly, Petitioner suggests that his appeal of the March 2017 amendment and/or his appeal of this Court's dismissal of his habeas petition showed that the March 2017 amendment was improperly characterized as a scrivener's error. *See* Dkt. #56 at 5 ("The [Supreme] Court . . . differentiated between scrivener's errors as the type of error which does not require appellate action. As argued above . . . an entire direct appeal precluded Colbert's habeas petition.") (citing *Gonzalez v. Sherman*, 873 F.3d 763 (9th Cir. 2017)). Petitioner's argument misinterprets the meaning of "appellate action" in *Sherman*, which refers to action taken by the state appellate court to correct an error in the trial court's original judgment. *See Sherman*, 873 F.3d at 772. It does not refer to the appellate activity Petitioner references here: an appeal from the trial court's order correcting the scrivener's error, Dkt. #25-5 at 204, and an appeal from his collateral attack on the trial court judgment, Dkt. #55.

### III. CONCLUSION

The Court finds that Petitioner has failed to demonstrate any grounds for relief under Rule 60(b). Accordingly, the Court, having considered Plaintiff's Motion and the remainder of the record, hereby finds and ORDERS that Plaintiff's Motion to Amend Judgment, Dkt. #56, is DENIED.

DATED this 7 day of January, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE