UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOBBY DARRELL COLBERT,

                Petitioner,

        v.

RON HAYNES,

                Respondent.

Case No. 2:18-cv-01350-RSM

ORDER DENYING MOTION FOR
RELIEF FROM JUDGMENT

## I.    INTRODUCTION

This matter comes before the Court on *pro se* Petitioner Bobby Darrell Colbert's Motion for Relief from Judgment.  Dkt. #64.  Respondent Roy Haynes opposes the Motion.  Dkt. #67. No party has requested oral argument.  For the reasons stated below, the Court DENIES Petitioner's Motion.

## II.    BACKGROUND

In 2018, Petitioner filed his current habeas corpus petition, his fifth federal petition challenging his custody under a 2005 state court judgment and sentence.  *See* Dkt. #1. Respondent answered, asserting that the Court lacked jurisdiction to consider the habeas petition because the Ninth Circuit had not granted Petitioner leave to file the successive petition as

ORDER - 1

required under 28 U.S.C. § 2244(b)(3)(A).  Dkt. #24 at 15-19.  Consequently, the Court determined that it lacked jurisdiction to consider the habeas petition and entered judgment in favor of Respondent on April 22, 2019.  *See* Dkts. #29, #43, and #49.  Petitioner appealed the judgment dismissing the habeas petition, Dkt. #49, and the Court denied him a certificate of appealability.  Dkt. #52.  Similarly, the Ninth Circuit issued an order denying a certificate of appealability on November 8, 2019.  *See Colbert v. Haynes*, 2019 WL 8631969 (9th Cir. 2019).

On November 26, 2019, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60.  Dkt. #56.  Specifically, Petitioner asserted that the Court erred when it dismissed his 2018 habeas petition as a successive petition under 28 U.S.C. § 2244(b) because the state court had allegedly amended Petitioner's sentence in 2017.  *Id*.  The Court rejected the argument and denied the Rule 60 motion.  Dkt. #57.  Petitioner appealed the denial.  Dkt. #60.  Once again, this Court denied him a certificate of appealability, Dkt. #61, which was followed by a similar denial from the Ninth Circuit.  *See Colbert v. Haynes*, 2020 WL 4015608 (9th Cir. 2020).  Petitioner has filed multiple applications for leave to file a successive petition in the Ninth Circuit, all of which have been met with denial.  *See, e.g., Colbert v. Haynes*, 954 F.3d 1232 (9th Cir. 2020); *Colbert v. Haynes*, 856 F. App'x 64 (9th Cir. 2021).  Petitioner filed his most recent application in 2023, which was once again denied.  *See Colbert v. Haynes*, Ninth Circuit Case No. 23-2753.

Petitioner has yet again filed a Rule 60 motion, requesting the Court to reopen his long closed 2018 habeas petition.  Dkt. #64.  Specifically, he asserts that the prosecution failed to disclose exculpatory DNA evidence until 2019.  *Id*.  In support of the motion, Petitioner submits his own affidavit but not a copy of the alleged exculpatory DNA evidence.

ORDER - 2

### III.   DISCUSSION

#### a.  Legal Standard

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Before a petitioner files a second or successive petition "in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This statutory section creates a "gatekeeping" mechanism. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Id*. The petitioner must make a *prima facie* showing that satisfies the requirements of 28 U.S.C. § 2244(b)(2). *Id*. If the petitioner does not satisfy the "gatekeeping" requirement by obtaining permission to file the successive petition, "the District Court [is] without jurisdiction to entertain it." *Burton*, 549 U.S. at 153.

A Rule 60 motion constitutes a successive application subject to the requirements imposed under 28 U.S.C. § 2244(b) regardless of whether the motion's focus is to relitigate a previously decided claim or to litigate entirely new claims for relief. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Calderon v. Thompson*, 523 U.S. 538, 553 (1998).

#### b.  Analysis

Petitioner's Rule 60 Motion is subject to the "gatekeeping" mechanisms under 28 U.S.C. § 2244(b). Even assuming that Petitioner's Motion raised new claims that had not been adjudicated, it would still be subject to those "gatekeeping" mechanisms. The upshot is that

ORDER - 3

Petitioner must be granted leave from the Ninth Circuit before filing "a second or successive habeas application in the district court." *Turpin*, 518 U.S. at 657. In addition, it is important to note that Rule 60(b)(6), which allows for "any other reason that justifies relief," and under which Petitioner specifically seeks relief, has been used by courts "sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Fantasyland Video, Inc. v. Cty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (internal quotations omitted). Petitioner has not argued such circumstances here. Nevertheless, as the Court already explained, Petitioner's Motion does not surmount the initial 28 U.S.C. § 2244(b) "gatekeeping" hurdle.

In 2018, when Petitioner filed his current habeas petition, he did so without obtaining leave to file from the Ninth Circuit. Thus, the Court lacked jurisdiction to the consider the petition. The same is true today. Until Petitioner files a successful application for leave to file a successive application in the Ninth Circuit, the Court lacks jurisdiction to consider Petitioner's claims for relief.

## IV.    CONCLUSION

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's Motion for Relief from Judgment, Dkt. #67, is DENIED. This case is CLOSED.


DATED this 20th day of August, 2024.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4