UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOBBY DARRELL COLBERT,<br><br>Petitioner,<br><br>v.<br><br>RON HAYNES,<br><br>Respondent. | Case No. C18-1350-RSM<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on *pro se* Petitioner Bobby Darrell Colbert's Motion for Relief from Judgment. Dkt. #74.

Petitioner filed the instant habeas corpus petition in 2018, his fifth federal petition challenging his custody under a 2005 state court judgment and sentence. *See* Dkt. #1. The Court determined that it lacked jurisdiction to consider the petition because the Ninth Circuit had not granted Petitioner leave to file a successive petition as required under 28 U.S.C. § 2244(b)(3)(A). *See* Dkts. #29, #43, and #49. Petitioner appealed the judgment dismissing the habeas petition. Dkt. #49. The Court denied him a certificate of appealability. Dkt. #52. The Ninth Circuit issued

an order denying a certificate of appealability on November 8, 2019. *See Colbert v. Haynes*, 2019 WL 8631969 (9th Cir. 2019).

On November 26, 2019, Petitioner filed a Rule 60 Motion for Relief from Judgment. Dkt. #56. Petitioner asserted that the Court erred when it dismissed his 2018 habeas petition as an impermissibly successive under 28 U.S.C. § 2244(b) because the state court allegedly amended Petitioner's sentence in 2017. *Id*. The Court denied the Rule 60 motion. Dkt. #57. Petitioner appealed. Dkt. #60. Once again, this Court denied issuing a certificate of appealability. Dkt. #61. The Ninth Circuit denied Petitioner's appeal. *See Colbert v. Haynes*, 2020 WL 4015608 (9th Cir. 2020). Petitioner has filed multiple applications for leave to file a successive petition in the Ninth Circuit, all of which have been denied. *See, e.g.*, *Colbert v. Haynes*, 954 F.3d 1232 (9th Cir. 2020); *Colbert v. Haynes*, 856 F. App'x 64 (9th Cir. 2021); *Colbert v. Haynes*, Ninth Circuit Case No. 23-2753.

Petitioner, again, filed a Motion for Relief from Judgment under Rule 60(b) on June 27, 2024, requesting the Court reopen his long-closed 2018 habeas petition, alleging that the prosecution failed to disclose exculpatory DNA evidence until 2019. Dkt. #64. This Court found that Petitioner failed to demonstrate grounds for relief under Rule 60(b) and, again, explained that the Court lacks jurisdiction to consider the habeas petition because Petitioner never obtained leave to file a successive petition from the Ninth Circuit. Dkt. #69. Petitioner *again* appealed this Order. Dkt. #70. And again, the Ninth Circuit remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability to appeal this Court's denial of Petitioner's Rule 60(b) motion for post-judgment relief, which this Court denied. Dkts. #72 and #74.

On February 5, 2025, Petitioner, again, filed the instant Motion for Relief from Judgment under Rule 60(b). Dkt. #74.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 2

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Before a petitioner may file a second or successive petition "in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  This statutory section creates a "gatekeeping" mechanism. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Id*. The petitioner must make a *prima facie* showing that satisfies the requirements of 28 U.S.C. § 2244(b)(2). *Id*. If the petitioner does not satisfy the "gatekeeping" requirement by obtaining permission to file the successive petition, "the District Court [is] without jurisdiction to entertain it." *Burton*, 549 U.S. at 153. A Rule 60 motion constitutes a successive application subject to the requirements imposed under 28 U.S.C. § 2244(b) regardless of whether the motion's focus is to relitigate a previously decided claim or to litigate entirely new claims for relief. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Calderon v. Thompson*, 523 U.S. 538, 553 (1998).

Petitioner's instant Motion requests relief under Rule 60(b)(3).  Dkt. #74.  Petitioner argues that the Court's Order, Dkt. #43, should be vacated "based upon a defect in the integrity of these habeas corpus proceedings that allege a successfully fraudulent scheme to omit the original record form this Court's duty to review the record de novo." *Id*. at 1 (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).  He asserts that he "was entitled to a copy of his state court transcripts that were necessary to file his federal constitutional claim" and that he "has established a procedural defect" due to a "[f]ailure to order the record[.]" *Id*. at 3. Petitioner "asks this court

to re-open habeas corpus proceedings by ordering the Respondent to provide the original state court record to this Court[.]" *Id*. at 4.

Rule 60(b)(3) provides grounds for relief from a final judgment if a party shows by clear and convincing evidence "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). These motions must be filed within one year of the final judgment. *See* Fed. R Civ. P. 60(c)(1).

Though Petitioner states that he "was never provided a copy of the original or state court record[,]" Dkt. #74 at 4, Respondent filed Petitioner's state court record with this Court on January 22, 2019, and mailed a paper copy to Respondent. Dkt. #25 at 8. The Court entered Judgment on April 22, 2019, three months later. Dkt. #44. This Court, in the Report and Recommendation, as well as the Order adopting that Recommendation, and every Order since, included reviews of the entire docket, including Petitioner's state court record. This Motion is well past the one-year deadline, and the Court finds no evidence of "fraud on the court." Fed. R. Civ. P. 60(d)(3). Overall, without leave from the Ninth Circuit, this Motion and Petitioner's habeas petition continues to be second or successive, which this Court lacks jurisdiction to consider. The Court will deny this Motion and will not issue a Certificate of Appealability. *See United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015).

Given all of the above, the Court will not consider any further filings in this closed case. As the Court has stated multiple times, with affirmation from the Ninth Circuit, this Court lacks jurisdiction without leave from the Ninth Circuit to consider a successive habeas petition, which is not curable via Rule 60(b) motions. The Court will strike future motions on this basis as duplicative and improper.

Accordingly, having reviewed the instant Motion and the remainder of the docket, the Court finds and ORDERS that Petitioner's Motion for Relief from Judgment, Dkt. #74, is

DENIED, and the Court will not issue a certificate of appealability. The Court shall STRIKE as duplicative and improper all future Rule 60(b) motions for relief from judgment in this case.

DATED this 16th day of June, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 5